**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Panamera Aviation Leasing VI Limited

2. **All other names debtor used in the last 8 years**  N/A

    Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  N/A __ __ - __ __ __ __ __ __ __

4. **Debtor's address**

    **Principal place of business**

    1-2 Victoria Buildings, Haddington Road
    Number         Street

    2nd Floor

    Dublin 4                              Ireland
    City                         State           ZIP Code

    _____
    County

    **Mailing address, if different from principal place of business**

    _____
    Number         Street

    _____
    P.O. Box

    _____
    City          State           ZIP Code

    **Location of principal assets, if different from principal place of business**

    _____
    Number         Street

    _____

    _____
    City          State           ZIP Code

5. **Debtor's website** (URL)  https://vah.aero

Debtor __Panamera Aviation Leasing VI Limited__          Case number (*if known*) 23-_____
          Name

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| --- | --- | --- |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☒ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   __5__ __3__ __2__ __4__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11. *Check **all** that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

Debtor  __Panamera Aviation Leasing VI Limited_____    Case number (*if known*) 23-_____
          Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☒ No
   ☐ Yes.  District _____ When _____ Case number _____
                                    MM / DD / YYYY
           District _____ When _____ Case number _____
                                    MM / DD / YYYY

   If more than 2 cases, attach a separate list.

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☒ Yes.  Debtor  _See Schedule 1_____     Relationship _See Schedule 1_____
            District _Southern District of New York__   When _Date Hereof_____
                                                              MM / DD / YYYY
            Case number, if known  _____

    List all cases. If more than 1, attach a separate list.

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**_____
                              Number      Street
                              _____
                              _____   ____  _____
                              City                             State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name       _____
           Phone              _____

---

**Statistical and administrative information**

Debtor __Panamera Aviation Leasing VI Limited__    Case number (if known) __23-__
       Name

### 13. Debtor's estimation of available funds

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors (on a consolidated basis)

☐ 1-49
☐ 50-99
☒ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

### 15. Estimated assets (on a consolidated basis, based on estimated unaudited financial statements as of 12/31/2022)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### 16. Estimated liabilities (on a consolidated basis, based on estimated unaudited financial statements as of 12/31/2022)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/27/2023__
              MM / DD / YYYY

X __/s/ M. [signature]_____        __Michael Sean Ewing_____
Signature of authorized representative of debtor     Printed name

Title __Attorney In Fact__

Debtor   Panamera Aviation Leasing VI Limited
         Name

Case number *(if known)* 23-_____

18. **Signature of attorney**   ✗ /s/ Lauren C. Doyle             Date   07/27/2023
                                  Signature of attorney for debtor       MM / DD / YYYY

   Lauren C. Doyle
   Printed name

   Milbank LLP
   Firm name

   55 Hudson Yards
   Number       Street

   New York                                          NY       10001
   City                                              State    ZIP Code

   (212) 530-5000                                    LDoyle@Milbank.com
   Contact phone                                     Email address

   4443214                                           NY
   Bar number                                        State

Official Form 201       Voluntary Petition for Non-Individuals Filing for Bankruptcy       page **5**

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Voyager Aviation Holdings, LLC.

| COMPANY |
|---|
| A330 MSN 1432 Limited |
| A330 MSN 1579 Limited |
| Aetios Aviation Leasing 1 Limited |
| Aetios Aviation Leasing 2 Limited |
| Cayenne Aviation LLC |
| Cayenne Aviation MSN 1123 Limited |
| Cayenne Aviation MSN 1135 Limited |
| DPM Investment LLC |
| Intrepid Aviation Leasing, LLC |
| N116NT Trust |
| Panamera Aviation Leasing IV Limited |
| Panamera Aviation Leasing VI Limited |
| Panamera Aviation Leasing XI Limited |
| Panamera Aviation Leasing XII Designated Activity Company |
| Panamera Aviation Leasing XIII Designated Activity Company |
| Voyager Aircraft Leasing, LLC |
| Voyager Aviation Aircraft Leasing, LLC |
| Voyager Aviation Holdings, LLC |
| Voyager Aviation Management Ireland Designated Activity Company |
| Voyager Finance Co. |

**Fill in this information to identify the case:**

Debtor name: Voyager Aviation Holdings, LLC et al.
United States Bankruptcy Court for the Southern District of New York
Case number (If known): 23-

☐ Check if this is an amended filing

## Official Form 204

Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1]

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | BANK OF UTAH (DEBT GUARANTEE CLAIM MSN 1432) ATTN: JAMILLE POOL 50 SOUTH 200 EAST, SUITE 110 SALT LAKE CITY, UT 84111 | ATTN: JAMILLE POOL PHONE: (801)-924-3688 FAX: (801) 924-3630 EMAIL: JPOOL@BANKOFUTAH.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 2 | CITIBANK, N.A., NEW YORK (DEBT GUARANTEE CLAIM MSN 55148) ATTENTION: ALBERT MARI 388 GREENWICH STREET NEW YORK, NY 10013 | ATTENTION: ALBERT MARI PHONE: (212) 816-1807 EMAIL: ALBERT.P.MARI@CITI.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 3 | CITIBANK, N.A., NEW YORK (DEBT GUARANTEE CLAIM MSN 55160) ATTENTION: ALBERT MARI 388 GREENWICH STREET NEW YORK, NY 10013 | ATTENTION: ALBERT MARI PHONE: (212) 816-1807 EMAIL: ALBERT.P.MARI@CITI.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 4 | ING CAPITAL LLC (DEBT GUARANTEE CLAIM MSN 63781) ATTN: DAVID JAQUET / HANK LIN 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | ATTN: DAVID JAQUET / HANK LIN PHONE: (646) 424-8235 FAX: (646) 424-8253 EMAIL: DLNYCLOANAGENCYTEAM@ING.COM; DAVID.JAQUET@ING.COM; HANK.LIN@ING.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 5 | KEB HANA BANK, LONDON BRANCH (DEBT GUARANTEE CLAIM MSN 1635) ATTENTION: JO, YOUNG HWA / RYU, KYUNG 2ND FLOOR, 8 OLD JEWRY LONDON, EC2R 8DN UNITED KINGDOM | ATTENTION: JO, YOUNG HWA / RYU, KYUNG PHONE: 44-020-7606-0191 FAX: 44-20-7606-9968 EMAIL: LOAN@KEBLDN.CO.UK; BOYOUNG@HANAFN.COM; LOAN.UK@HANAFN.COM; KIMSEUNGHO@HANAFN.COM; JAEYOUNG_LEE@HANAFN.COM; CBPARK92@HANAFN.COM; BOYOUNG@HANAFN.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 6 | KEB HANA BANK, LONDON BRANCH (DEBT GUARANTEE CLAIM MSN 1554) ATTENTION: JO, YOUNG HWA / RYU, KYUNG 2ND FLOOR, 8 OLD JEWRY LONDON, EC2R 8DN UNITED KINGDOM | ATTENTION: JO, YOUNG HWA / RYU, KYUNG PHONE: 44-020-7606-0191 FAX: 44-20-7606-9968 EMAIL: LOAN@KEBLDN.CO.UK; BOYOUNG@HANAFN.COM; LOAN.UK@HANAFN.COM; KIMSEUNGHO@HANAFN.COM; JAEYOUNG_LEE@HANAFN.COM; CBPARK92@HANAFN.COM; BOYOUNG@HANAFN.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 7 | NORDDEUTSCHE LANDESBANK GIROZENTRALE (DEBT GUARANTEE CLAIM MSN 1579) ATTN: SABINE GROTH / MARC GRUENBERG AVIATION FINANCE & INVESTMENT SOLUTIONS PORTFOLIO MANAGEMENT & EXECUTION I 5094/2966 FRIEDRICHSWALL 10 HANNOVER, 30159 GERMANY | ATTN: SABINE GROTH / MARC GRUENBERG PHONE: 49 (511) 361-4819 FAX: 49 (511) 361-4785 EMAIL: SABINE.GROTH@NORDLB.DE; MARC.GRUENBERG@NORDLB.DE; JENS.RACHFAHL@NORDLB.DE | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 8 | UMB BANK, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 35542) ATTN: BRENDA PAREDES UMB BANK N.A. 6440 S. MILLROCK DR, SUITE 400 SALT LAKE CITY, UT 84121 | ATTN: BRENDA PAREDES FAX: (385) 715-3025 EMAIL: BRENDA.PAREDES@UMB.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 9 | WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 1592) ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 COMPUTERSHARE CORPORATE TRUST LEASE COLUMBIA MAILROOM TEAM 9062 OLD ANNAPOLIS ROAD COLUMBIA, MD 21045 | ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 PHONE: (385) 415-8008; (385) 415-8003; (801) 597-6914 FAX: (801) 246-7142 EMAIL: COURTNEY.HOWARD@WELLSFARGO.COM; AIMEE.B.JOHNSON@WELLSFARGO.COM; HILLARY.A.PAVIA@WELLSFARGO.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.
[2] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

Official Form 204        Chapter 11 Case: List of Creditors Who Have the 30 Largest Unsecured Claims        Page 1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 1651) ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 COMPUTERSHARE CORPORATE TRUST LEASE COLUMBIA MAILROOM TEAM 9062 OLD ANNAPOLIS ROAD COLUMBIA, MD 21045 | ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 PHONE: (385) 415-8008; (385) 415-8003; (801) 597-6914 FAX: (801) 246-7142 EMAIL: COURTNEY.HOWARD@WELLSFARGO.COM; AIMEE.B.JOHNSON@WELLSFARGO.COM; HILLARY.A.PAVIA@WELLSFARGO.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 11 | WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 1542) ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 COMPUTERSHARE CORPORATE TRUST LEASE COLUMBIA MAILROOM TEAM 9062 OLD ANNAPOLIS ROAD COLUMBIA, MD 21045 | ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 PHONE: (385) 415-8008; (385) 415-8003; (801) 597-6914 FAX: (801) 246-7142 EMAIL: COURTNEY.HOWARD@WELLSFARGO.COM; AIMEE.B.JOHNSON@WELLSFARGO.COM; HILLARY.A.PAVIA@WELLSFARGO.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 12 | WELLS FARGO TRUST COMPANY, N.A. FKA WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 63695) ATTENTION: CORPORATE TRUST DEPARTMENT MAC: U1228-051 299 S. MAIN STREET, 5TH FLOOR SALT LAKE CITY, UT 84111 | ATTENTION: CORPORATE TRUST DEPARTMENT PHONE: (801) 246-6000 FAX: (801) 246-7142 EMAIL: CTSLEASEGROUP@WELLSFARGO.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 13 | JPA NO. 166 CO., LTD. C/O JP LEASE PRODUCTS & SERVICES CO., LTD. ATTENTION: FUND ADMINISTRATION C/O JP LEASE PRODUCTS & SERVICES CO., LTD. KASUMIGASEKI COMMON GATE WEST TOWER 34F 3-2-1 KASUMIGASEKI, CHIYODA-KU TOKYO, 100-0013 JAPAN | ATTENTION: FUND ADMINISTRATION PHONE: 81 3 6206 1395 EMAIL: SHIMAMURA@JLPS.CO.JP; ISHIKAWA@JLPS.CO.JP; JLPS-FUNDADMIN@JLPS.CO.JP | CONTRACT CLAIM | CONTINGENT | | | $ 8,250,000.00 |
| 14 | JPA NO. 165 CO., LTD. C/O JP LEASE PRODUCTS & SERVICES CO., LTD. ATTENTION: FUND ADMINISTRATION C/O JP LEASE PRODUCTS & SERVICES CO., LTD. KASUMIGASEKI COMMON GATE WEST TOWER 34F 3-2-1 KASUMIGASEKI, CHIYODA-KU TOKYO, 100-0013 JAPAN | ATTENTION: FUND ADMINISTRATION PHONE: 81 3 6206 1395 EMAIL: SHIMAMURA@JLPS.CO.JP; ISHIKAWA@JLPS.CO.JP; JLPS-FUNDADMIN@JLPS.CO.JP | CONTRACT CLAIM | CONTINGENT | | | $ 7,500,000.00 |
| 15 | ROLLS-ROYCE TOTALCARE SERVICES LIMITED JAMES TUBBY, HEAD OF COMMERCIAL-LESSORS CUSTOMER TEAM ROLLS-ROYCE TOTAL CARE SERVICES LIMITED PO BOX 31 DERBY, DE24 8BJ UNITED KINGDOM | JAMES TUBBY, HEAD OF COMMERCIAL-LESSORS CUSTOMER TEAM PHONE: 44 (0) 7552 269420 FAX: 44 (0) 1332 248288 EMAIL: JAMES.TUBBY@ROLLS-ROYCE.COM | TRADE CLAIM | | | | $ 2,600,000.00 |
| 16 | NORDDEUTSCHE LANDESBANK GIROZENTRALE ATTN: SABINE GROTH / MARC GRUENBERG AVIATION FINANCE & INVESTMENT SOLUTIONS PORTFOLIO MANAGEMENT & EXECUTION I 5094/2966 FRIEDRICHSWALL 10 HANNOVER, 30159 GERMANY | ATTN: SABINE GROTH / MARC GRUENBERG PHONE: 49 (511) 361-4819 FAX: 49 (511) 361-4785 EMAIL: SABINE.GROTH@NORDLB.DE; MARC.GRUENBERG@NORDLB.DE; JENS.RACHFAHL@NORDLB.DE | CONTRACT CLAIM | CONTINGENT | | | $ 1,551,773.92 |
| 17 | SGI AVIATION SERVICES B.V. ATTN: FIONA KALMAR SGI AVIATION SERVICES B.V., MARGRIETTOREN, HAAKSBERGWEG 75 (6TH FLOOR) AMSTERDAM, 1101 BR THE NETHERLANDS | ATTN: FIONA KALMAR PHONE: 31 (20) 880 4222 FAX: 31 (20) 890 8490 EMAIL: AMSACCOUNTING@SGIAVIATION.COM; FKALMAR@SGIAVIATION.COM | TRADE CLAIM | | | | $ 386,085.76 |
| 18 | DONNELLEY FINANCIAL SOLUTIONS DONNELLEY FINANCIAL, LLC PO BOX 842282 BOSTON, MA 02284-2282 | PHONE: 917-273-0345 EMAIL: CASHAPPLICATIONS@DFINSOLUTIONS.COM | TRADE CLAIM | | | | $ 34,960.22 |
| 19 | THREE STAMFORD PLAZA ATTN: PROPERTY MANAGER THREE STAMFORD PLAZA OWNER LLC C/O RFR REALTY LLC 263 TRESSER BOULEVARD, 4TH FLOOR STAMFORD, CT 06901 | ATTN: PROPERTY MANAGER EMAIL: ACCOUNTSRECEIVABLE@RFR.COM | TRADE CLAIM | | | | $ 22,558.06 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 NETOLOGY<br>1200 SUMMER STREET SUITE 302<br>STAMFORD, CT 06905 | PHONE: 203-975-9630<br>EMAIL: JDAGOSTINO@NETOLOGYLLC.COM | TRADE CLAIM | | | | $ 10,899.92 |
| 21 SAVILLS IRE<br>SAVILLS COMMERCIAL (IRELAND) LIMITED<br>33 MOLESWORTH STREET<br>DUBLIN 2,<br>IRELAND | SAVILLS COMMERCIAL (IRELAND) LIMITED<br>PHONE: 353 (01) 6181300<br>EMAIL: PMACCOUNTSRECEIVABLE@SAVILLS.IE | TRADE CLAIM | | | | $ 3,320.95 |
| 22 FLYDOCS<br>GEN2 SYSTEMS LIMITED<br>THE LEWIS BUILDING, BULL STREET<br>BIRMINGHAM, B4 6AF<br>UNITED KINGDOM | EMAIL: FINANCE@FLYDOCS.AERO | TRADE CLAIM | | | | $ 1,980.00 |
| 23 EQUINITI TRUST COMPANY, LLC<br>ATTN: BILLING/ACCOUNTS RECEIVABLE<br>6201 15TH AVENUE<br>BROOKLYN, NY 11219 | EMAIL: AR@EQUINITI.COM;<br>REMITTANCE@EQUINITI.COM | TRADE CLAIM | | | | $ 1,400.00 |

**PANAMERA AVIATION LEASING VI LIMITED**
**(company number 548182)**
**(the "Company")**

**WRITTEN RESOLUTION OF ALL OF THE**

**DIRECTORS OF THE COMPANY**

We the undersigned, being all the directors for the time being entitled to attend and vote at a directors' meeting of the Company hereby resolve that the following resolutions be passed by way of written resolution of the directors of the Company in accordance with section 161 of the Companies Act 2014 and the Constitution of the Company:

1       **Disclosure of interest**

1.1     By his / her signature hereof, each of the directors does hereby note and acknowledge **THAT**:

1.1.1   he / she was not disqualified from signing this resolution and / or the considerations, the determinations and resolutions to be made hereunder, and he / she hereby discloses the manner (if any) in which he / she is interested in the matters described in this resolution, whether as a director of the Company or otherwise, for the purposes of section 231 of the Companies Act 2014 (the "**Act**");

1.1.2   pursuant to section 137 of the Act, at least one of the directors of the Company is resident in a Member State of the European Economic Area and that no director individually holds more than twenty-five directorships for the purposes of section 142 of the Act and the directors are therefore eligible to vote on all board resolutions brought before them; and

1.1.3   no person who is the subject of a declaration of restriction under section 819 of the Act is appointed or acts in any way, directly or indirectly, as a director or secretary of the Company.

2       **Voluntary petition under United States Bankruptcy Code**

2.1     It is noted that the Company has been advised that the board of managers (the "**VAH Board**") of Voyager Aviation Holdings, LLC ("**VAH**" and together with certain of its subsidiaries and controlled entities, the "**Voyager Group**"), the indirect parent of Intrepid Aviation Luxembourg S.a r.l. with whom the Company has entered into a junior, subordinated financing arrangement, having reviewed the materials presented to it by its financial, legal and other advisors, including that certain restructuring support agreement (together, with all exhibits, attachments, and schedules thereto, as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**Restructuring Support Agreement**") and after having held numerous discussions (including with management and such advisors) regarding such materials and the liabilities and liquidity situation of the Voyager Group, including VAH, the strategic alternatives available to the Voyager Group, including VAH, and the impact of the foregoing on the Voyager Group's business and operations, including that of VAH — such discussions having included a full consideration of the strategic alternatives available to the Voyager Group, including VAH, and resulted in the VAH Board's authorisation of VAH's entry into that certain Agreement for the Sale and Purchase of Certain Assets of Voyager, dated July 17, 2023 (the "**Asset Purchase Agreement**") — has resolved that in the best judgment of the VAH Board, it is desirable and in the best interests of VAH, its equityholders, its creditors, and its other stakeholders, and certain of its subsidiaries and controlled entities and their respective equityholders, creditors, and other stakeholders and parties in interest, that VAH and certain

of its subsidiaries and controlled entities enter into the Restructuring Support Agreement and file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States (collectively, the "**Chapter 11 Filing**").

2.2    It is further noted that the Company is the Trustor under that certain Trust Agreement (N116NT) in respect of the N116NT Trust.

2.3    It is further noted that the Company entered into that certain Aircraft Sale and Purchase Agreement in relation to Two (2) Airbus A330-343 Aircraft with MSNs 1554 and 1635 on Lease to Türk Hava Yollari A.O. (Turkish Airlines, Inc), dated March 15, 2023 (the "**Aviator Agreement**").

2.4    It is further noted that, as the Company is party to certain transactions involving members of the Voyager Group, it is contemplated that the Company and the N116NT Trust be included in the Chapter 11 Filing given that the filing of a bankruptcy by VAH would constitute an event of default under various secured financing arrangements to which the Company is a party and would threaten the ability of the Company and the N116NT Trust outside of chapter 11 to effectuate (i) the beneficial transactions contemplated in the Aviator Agreement, including the potential sale by the Company or the N116NT Trust, respectively, in each case as owner, owner participant or lessor, of certain assets pursuant to such Aviator Agreement or (ii) other beneficial transactions in connection with the Chapter 11 Filing, the Asset Purchase Agreement or the assets referenced above.

2.5    It is further noted that (i) the Chapter 11 Filing shall render a chapter 11 filing in respect of the Company and the N116NT Trust necessary and appropriate, (ii) the directors of the Company have reviewed the materials presented to them by their financial, legal and other advisors and have held discussions (including with management and such advisors) regarding such materials and the liabilities and liquidity situation of the Company and the Voyager Group and (iii) the directors of the Company have found the rationale of the VAH Board for the Chapter 11 Filing compelling and applicable to the Company and the N116NT Trust.

2.6    After due consideration of the foregoing, and pursuant to section 161 of the Act and the constitution of the Company, we the undersigned, being all the directors of the Company **HEREBY RESOLVE:**

2.6.1    that, in the best judgment of the directors of the Company, it is desirable and in the best interests of the Company and its respective equityholders, creditors, and other stakeholders and parties in interest, that the Company enter into the Restructuring Support Agreement by and among VAH, the Company, certain of its affiliates, and the Consenting Stakeholders (as defined in the Restructuring Support Agreement) substantially in the form presented to the directors on the date hereof, and that the Company's performance of its obligations under the Restructuring Support Agreement and all other exhibits, schedules, attachments, and ancillary documents related thereto, hereby is, in all respects, authorised and approved;

2.6.2    that, in the best judgment of the directors of the Company, it is desirable and in the best interests of the Company and the N116NT Trust, their equityholders, creditors, and other stakeholders and parties in interest that each of the Company and the N116NT Trust file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the

Bankruptcy Code in the Bankruptcy Court and / or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

2.6.3   that, in the best judgment of the directors of the Company, it is desirable and in the best interests of the Company and the N116NT Trust and their respective equityholders, creditors, and other stakeholders and parties in interest that the Company, in its capacity as Trustor under that certain Trust Agreement (N116NT) (as further amended, amended and restated, supplemented or otherwise modified from time to time) direct Bank of Utah, in its capacity as Owner Trustee, to (i) file or cause to be filed in respect of the N116NT Trust a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court and / or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States and (ii) retain Milbank LLP to represent and assist the N116NT Trust in carrying out its duties and exercising its rights and obligations under the Bankruptcy Code and applicable law and in taking any and all actions to advance the N116NT Trust's rights and obligations, including preparing, completing, and filing all necessary paperwork on behalf of the N116NT Trust with respect to the Chapter 11 Filing;

2.6.4   that each of the Company and the N116NT Trust shall be, and hereby is authorised to file or cause to be filed, such voluntary petition for relief in the Bankruptcy Court and / or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, as well as any schedules, lists and other motions, papers or documents that may be necessary or appropriate in connection therewith;

2.6.5   that each of the Company and the N116NT Trust shall be, and hereby is authorised to seek approval of the use of cash collateral according to the terms of an interim and final cash collateral order (the "**Cash Collateral Order**"), in each case substantially in the form annexed as an exhibit to the Restructuring Support Agreement, and to take all such actions, by or on behalf of the Company that are necessary or desirable to implement the Cash Collateral Order or effectuate such financial arrangements in connection therewith, including, to the extent applicable, negotiate, execute, deliver, certify, file and/or record, and perform any and all agreements, instruments, notes, guarantees, security agreements, certificates, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates and other documents, pledge and grant liens, pay or caused to be paid any fees and expenses, and provide such other adequate protection in accordance with section 363 of the Bankruptcy Code;

2.6.6   that the retention of each of Milbank LLP (as general bankruptcy counsel), FTI Consulting, Inc. (as financial advisor), Greenhill & Co., LLC (as investment banker and financial advisor), Kurtzman Carson Consultants LLC (as claims and noticing agent), KPMG LLP (as tax restructuring advisor), Matheson (as Irish counsel) and Vedder Price LLP (as special M&A and aircraft level financing counsel) (collectively, the "**Advisors**") to represent and assist the Company in carrying out its duties and exercising its rights and obligations under the Bankruptcy Code and applicable law and in taking any and all actions to advance the Company's rights and obligations, including preparing, completing, and filing all necessary paperwork on behalf of the Company with respect to the Chapter 11 Filing, hereby is approved, adopted and confirmed;

2.6.7   that each director and each of Hooman Yazhari, Michael Sean Ewing, Elisabeth McCarthy, and VAH, shall be appointed as an attorney in fact (collectively, the "**Attorneys In Fact**" and each an "**Attorney In Fact**"), authorised and empowered, acting alone or jointly with one or more other Attorneys In Fact, with full powers of substitution and delegation, to take all actions authorised hereunder, in the name and on behalf of the Company, including to:

    (a)    execute and verify a petition under the provisions of chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as said Attorneys In Fact executing the same shall determine;

    (b)    execute the Restructuring Support Agreement and any ancillary and related documents on behalf of the Company;

    (c)    file all petitions, schedules, lists and other motions, papers or documents;

    (d)    take any and all action that they deem necessary or proper to obtain such relief, including any action necessary or appropriate to maintain the ordinary course operation of the Company's business;

    (e)    take all such actions, by or on behalf of the Company that are necessary or desirable in connection with the negotiation, execution, implementation or performance of the Cash Collateral Order contemplated by Paragraph 2.6.5 hereof;

    (f)    (i) execute appropriate retention agreements of each such Advisor, (ii) pay appropriate fees, expenses, and retainers of each such Advisor prior to and immediately upon filing of the chapter 11 case and (iii) cause to be executed and filed an appropriate application for authority to retain the services of each such Advisor; and

    (g)    cause the Company to take or cause to be taken any and all such further actions, to enter into, execute, deliver, certify, file and / or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, to pay, or cause to be paid, all expenses, including filing fees, and to take such other action as in the judgment of such Attorney In Fact shall be or become necessary, proper, and desirable to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein or to fully accomplish any and all actions taken in connection with the Chapter 11 Filing;

2.6.8    that any and all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were adopted, resolved, or certified, are hereby in all respects approved, confirmed, and ratified;

2.6.9    that the Company shall grant, and hereby grants, one or more powers of attorney in connection with the foregoing in the form produced attached hereto or in such form as may be approved from time to time by any director or the Company Secretary (the "**Powers of Attorney**"); and

2.6.10    that the Company shall, from time to time and at all times, indemnify each Attorney In Fact against all costs, claims, expenses and liabilities howsoever incurred by such Attorney In Fact arising from the exercise or the purported exercise in good faith of any power conferred by the foregoing resolutions and / or the Powers of Attorney granted thereunder.

This Resolution may be signed in counterparts and when so signed by all of the directors of the Company shall be deemed to be duly passed as a written resolution of all of the directors of the Company on the date hereof.

This written resolution may consist of several documents in the like form each signed by one or more of the directors and which together shall constitute one and the same document and may be delivered by facsimile and / or email.

*[signature page to follow]*

**Signed:** _____

Name:   Ronan O'Neill

Date:   July 27, 2023

Location: Dublin, Ireland


**Signed:** _____

Name:   David Greene

Date:   July 27, 2023

Location:  Dublin, Ireland

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re                                                           :   Chapter 11
:
Panamera Aviation Leasing VI Limited,                           :   Case No. 23-[_____] ( )
:
Debtor.                                                         :
:
----------------------------------------------------------------x

# LIST OF EQUITY HOLDERS
## PURSUANT TO FED. R. BANKR. P. 1007

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having an equity ownership interest in the above-captioned debtor in possession:

| Equity Holder | Last Known Address | Percentage of Equity Held |
|---|---|---|
| Panamera Aviation Leasing XI Limited | Block A George's Quay Plaza Dublin 2, Ireland | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                       :    Chapter 11
:
Panamera Aviation Leasing VI Limited,                       :    Case No. 23-[_____] ( )
:
       Debtor.                                             :
:
------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

Panamera Aviation Leasing VI Limited is a wholly-owned subsidiary of affiliated debtor Panamera Aviation Leasing XI Limited. One hundred (100) percent of the equity interests in Panamera Aviation Leasing XI Limited are held in trust by Walkers AV8 Shareholding Services Limited, as trustee.

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name  Panamera Aviation Leasing VI Limited |
| United States Bankruptcy Court for the: Southern  District of New York (State) |
| Case number (If known):  23- |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/27/2023
MM / DD / YYYY

X _____
Signature of individual signing on behalf of debtor

Michael Sean Ewing
Printed name

Attorney In Fact
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors